UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 09-10136-RGS

COMMONWEALTH OF MASSACHUSETTS

v.

CHISOM O. AZUBUKO

MEMORANDUM AND ORDER ON DEFENDANT'S
REMOVAL UNDER 28 U.S.C. § 1446

May 21, 2009

STEARNS, D.J.

On May 4, 2009, defendant Chisom O. Azubuko removed this criminal prosecution from the Brighton District Court, invoking 28 U.S.C. § 1446(c)(1). The case involves three state-law misdemeanor offenses: disorderly conduct (Mass. Gen. Laws ch. 272, § 53), possession of a firearm on school property (Mass. Gen. Laws ch. 269, § 10(j)), and disturbance of school (Mass. Gen. Laws ch. 272, § 40). The complaints against Azubuko were filed in the Massachusetts District Court in September of 2007. As the removal was untimely, the case must be remanded.

BACKGROUND

The criminal charges arose from a September 11, 2007 incident at Brighton High School. A student anonymously reported to the school principal that Azubuko (who was seventeen years old at the time) "was possibly in possession of a firearm." The student stated that the previous day, September 10, 2007, while standing near Azubuko's locker, she observed an object, which she believed to be a gun, fall out of the locker. A search by Boston School Police yielded a pellet gun.

Azubuko was taken into custody and arraigned the same day. After a series of court appearances, and the denial of a motion to suppress, Azubuko filed a motion for disclosure of the identity of the student informant. On January 9, 2009, a District Court judge denied Azubuko's motion and scheduled the case for trial on February 25, 2009. While the reason is unclear from the docket (Azubuko's petition states somewhat obscurely that "[t]he Defendant was absent for the jury trial scheduled on February 25, 2009 because of the exclusion of the informant or witness"), the trial was postponed until May 5, 2009. Azubuko removed the case to this court on May 4, 2009.

DISCUSSION

"Federal courts are courts of limited jurisdiction, and . . . may exercise only the authority granted to them by Congress." Commonwealth of Massachusetts v. Andrus, 594 F.2d 872, 887 (1st Cir. 1979). A party seeking to remove a case to the federal court has the burden of demonstrating the existence of federal jurisdiction. See BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Am., 132 F.3d 824, 831 (1st Cir. 1997). Federal removal jurisdiction is strictly construed against the removant. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941). See also Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).

Under the removal statute, 28 U.S.C. § 1446 (a),[1]

---

[1]This court has been unable to unearth any First Circuit precedent regarding the legitimacy of, or permissible circumstances for, the removal of a criminal prosecution from a state court. Most, if not all of the cases reported in other Circuits involve removals of cases by federal officers charged with state crimes or by private defendants alleging violations of federal civil rights that a state court has refused to enforce. See e.g., Wyoming v. Livingston, 443 F.3d 1211, 1222 (10th Cir. 2006) (removal under the Supremacy Clause of a state prosecution of Fish and Wildlife Service officers for criminal

> [a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

The statute requires that a defendant include in the notice of removal "all grounds for such removal" and further mandates that "[a] failure to state grounds which exist at the time of the filing of the notice shall constitute a waiver of such grounds." Moreover, the notice of removal "shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." Finally "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446 (c)(4).

Azubuko's petition appears to state two bases for removal: (1) that the charges against him are unjustified; and (2) that the state district court judge had deprived him of the right to cross-examine the student informant at trial. The criminal complaints against Azubuko were filed on September 11, 2007. The ruling on the discovery motion was

---

trespass while engaged in a federal grey wolf control program); State v. Haws, 131 F.3d 1205, 1209-1210 (7th Cir. 1997) (state prosecution for theft and corrupt business practices could not be removed to federal court under 28 U.S.C. § 1443 where defendant made no allegation concerning race or any showing that the state court was unable or unwilling to enforce his federal civil rights). The First Circuit has in dicta stated that there is no statutory right to remove a state criminal prosecution. Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd., 454 F.2d 38, 43 (1st Cir. 1972) ("The federal courts are courts of limited jurisdiction and the removal statute applies only to civil actions in state courts.").

entered on January 9, 2009. Whether measured from the date of the filing of the complaints or from the date of the judge's ruling, Azubuko failed to remove his case to federal court within the prescribed thirty days. Azubuko offers no reason demonstrating good cause for the delay. See Bradford v. Louisiana, 235 Fed.Appx. 313, 314, 2007 WL 2298108, *1 (5th Cir. Aug. 2, 2007) (remand of untimely removed criminal prosecution); Bowen v. State of North Carolina, 194 F.3d 1303 (4th Cir. 1999) (same); Seaton v. Jabe, 992 F.2d 79, 81 (6th Cir. 1993) (same).

Even were the removal not untimely, a remand would be required in any event for two reasons. First, it is not clear that the statute on which Azubuko relies, section 1446, authorizes the removal of a state criminal prosecution to the federal court. Section 1446 is a procedural statute setting out the rules that govern the mechanics of the removal process. In this court's reading, section 1446 confers no substantive right of removal. That right rather is located in the removal statute itself, section 1441, which defines "actions removable generally" as limited to those that are civil in nature. The intervening sections (§§ 1442–1445) carve out exceptions to section 1441 that both expand and restrict the general right of removal. The only exceptions these statutes make for the removal of criminal cases are those brought in state court against officers or agencies (or their agents) of the United States (§ 1442), against members of the armed forces (§ 1442a), or against defendants whose federal (race-based) civil rights a state court refuses (or is unable) to enforce (§ 1443). Azubuko clearly does not fit within any of these categories. See 2A N. Singer & J. Singer, Sutherland on Statutory Construction § 47:11 (7th ed. 2008) ("Where there is an express exception, it comprises the only limitation on

the operation of the statute and no other exceptions will be implied.").

Second, even if the removal of criminal prosecutions generally was permitted by section 1446, a federal court would be required to dismiss the case pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971). Under Younger, a federal court is to refrain from interfering in a state criminal case over which it otherwise has jurisdiction where there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or at least instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the defendant to raise the claims advanced in his federal lawsuit. Id., 401 U.S. at 43-45, 53-54. Younger recognizes that states have an important interest in administering their criminal proceedings free from federal interference. Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007). Here Younger clearly would dictate abstention even if section 1446 authorized removal. See Haws, 131 F.3d at 1210 ("What [defendant] asked the district court to do . . . [by undertaking a removal] would clearly 'interfere' with the state court prosecution.").

## ORDER

For the foregoing reasons, the case is REMANDED to the Brighton District Court for further proceedings. The Clerk will close the federal case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE